**EAST END CHURCH OF GOD, Plaintiff-Appellee, v. LOGAN et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23613.   Decided January 12, 1956.

Ermer L. Watson, for plaintiff-appellee.
G. K. Allen, for defendants-appellants.

## OPINION

By SKEEL, J:

This appeal is on questions of law and fact from a judgment and decree entered in the Common Pleas Court enjoining the defendants from acting as trustees of the plaintiff and enjoining them from disturbing the membership and from collecting funds of the church and ordering the defendants to render an accounting of church funds.

The plaintiff's petition alleges that it is a corporation not for profit organized for religious purposes, maintaining its place of worship at 8226 Central Avenue. It also alleges that the defendants are officers: "to-wit: members of the board of trustees and that as such officers, defendants were responsible for handling and managing the business affairs of said corporation."

The petition then alleges that the defendants as trustees failed to handle and manage the business of the corporation properly, that contrary to the wishes of the congregation, they created a new corporation under the style of East End Church of God, Inc. and have allowed such new corporation to occupy the property of the plaintiff contrary to its wishes and have failed to account to its (the plaintiff's) members for the funds received and the amounts expended, and that the creating of the new corporation was a scheme to undermine The East End Church of God and to take from it by fraud and deceit its real estate.

The plaintiff further alleges that upon notice a meeting of the membership of the plaintiff was held for the purpose of electing new trustees and immediately notified the defendants' trustees, Tony Logan, Mary Burts and Bernice Logan, after the meeting and the election of new trustees, that they were no longer trustees of the corporation known as The East End Church of God and that they should cease to function as trustees and demanded that they and The East Church of God. Inc., vacate the premises of The East End Church of God. The petition then alleges defendants refuse to cease functioning as trustees of the plaintiff and refuse to vacate its premises and that they are disturbing and disrupting the unity of the Church, causing an uproar among its members and continue to collect rents and take the income of the Church without accounting therefor.

The defendants' answer admits that they are the trustees of the plaintiff corporation, incorporated under the laws of Ohio in 1936, and that the corporation is the owner of the church property known as The East End Church of God at 8226 Central Avenue. They allege that the new corporation was organized in 1953 under the provisions of §1702.20 R. C. to cure defects in the name in which the church property is recorded and that said corporations are the same in purpose and the defendants are the only duly elected officers of such original corporation; that for the past three years there have been but seven members of the church, including these defendants; that the City of Cleveland threatened to condemn the church building unless repairs were made. which repairs have been made at great expense on the credit of such members and defendant officers. The defendants deny that there was a legal meeting of the church on November 16, 1954; deny the legal election of new trustees; and deny all of the affirmative allegations of the petition not admitted to be true.

No reply was filed by the plaintiff.

From the facts alleged in the petition and admitted in the answer, it is established that the plaintiff is a non-profit corporation, having been organized and incorporated under the laws of Ohio in 1936 for religious purposes, its place of worship being in the corporation property located at 8226 Central Avenue in Cleveland, and that the defendants were the duly elected and acting trustees of said religious non-profit corporation as of the date of the filing of plaintiff's amended petition.

The attempt to reincorporate the plaintiff, by securing a new charter in 1953 so that the name of the corporation would correspond with the recorded title of the church property, did not in fact change the corporate structure of the plaintiff or the power of its officers, provided

the membership authorized the amendments under the provisions of §1702.20 R. C. The record does not show the minutes of the meeting or the membership roll as it was preceding the application for the new charter but it must be presumed that in calling the meeting to amend the charter, they acted within the power provided by law unless such question is made an issue in the case, supported by evidence to the contrary. It must also be concluded, without allegations in the plaintiff's petition as to what the provisions of its code of regulations are, that such a code has been adopted providing for the number of trustees, the manner of their election, their terms of office and the reasons for and the manner in which disciplinary action may be taken against them, either as members or officers. Likewise, such code of regulations must be assumed to provide the manner of filling vacancies in the board of trustees if and when vacancies occur.

Having established by the allegations and admissions of the pleadings that the defendants are the trustees of the plaintiff, The East End Church of God, a religious non-profit corporation, without further allegations that they have been removed from their offices through administrative procedure or that such offices or any of them had been otherwise vacated, there were no vacancies to be filled by the meeting of November 16, 1954, even if such meeting was properly called (which fact does not appear from the pleadings or the evidence). The members could not elect other trustees for the plaintiff while the defendants were still lawfully in office.

The statutory provisions dealing in part with the organization and management of non-profit corporations of Ohio, including the creation of such corporations for religious purposes, are as follows:

Sec. 1702.07 R. C. provides for the authority that may be exercised by a corporation not for profit. Secs. 1702.08 and 1702.09 R. C. provide for and require the adoption of a code of regulations and sets forth subjects to be included therein. Sec. 1702.10 R. C. deals with the duty of the corporation to keep a membership roll and the power of the corporation to deal with or discipline its members by a vote of the members under the authority of its code of regulations. Sec. 1702.11 R. C. deals with the subject of voting and §1702.13 R. C. requires the election of a board of trustees to be the governing body of the corporation, fixing the number to be elected, their terms of office as provided by the code of regulations and further providing: "Unless otherwise provided in the articles or code of regulations, any vacancy on such board caused by death, resignation or otherwise, shall be filled by the remaining members of the board."

On the face of the admitted facts in the record and the authority of these sections, the plaintiff was without power to elect new trustees on November 16, 1954 as a matter of law, wherefore a decree is entered for the defendants, and the prayer of the plaintiff's petition dismissed.

Exceptions. Order see journal.

KOVACHY, PJ, HURD, J, concur.